## EASTWOOD v MARDORF

Ohio Appeals, 6th Dist, Sandusky Co

No 286.   Decided Oct 30, 1933

Clarke & Costello, Cleveland, for plaintiff in error.

Allan G. Aigler, Bellevue, and S. H. Hazelwood for defendant in error.

By THE COURT

In the action commenced by her in the Court of Common Pleas Lulu A. Mardorf, as plaintiff, claimed she was entitled to a judgment for $1353.30 for services rendered the wife of William H. Eastwood at the latter's request and under an agreement with him to pay her therefor.

Eastwood denied all the claims made by Mrs. Mardorf and the trial had on the issues thus made resulted in a verdict and judgment in favor of Mrs. Mardorf in the sum of $1343.30. In his petition in error herein he alleges several grounds of error requiring, as he claims, a reversal of this judgment. Of these errors we shall refer to but two,—first, the weight of the evidence and, second, whether the alleged newly discovered evidence is such as to entitle Eastwood to a new trial.

We are satisfied that the verdict and judgment are manifestly against the weight of the evidence and so finding, following our usual custom in such cases, shall refrain from commenting in detail upon the evidence presented in the bill of exceptions.

In support of his claim that a new trial should be granted because of "newly discovered evidence which was not known or could not be produced with reasonable diligence at the time of trial", Eastwood filed ten affidavits which are attached to and made part of the bill of exceptions. The facts stated in two of them are such that, if testified to at the trial, probably would have produced a different result, at least as to the extent of whatever, if any, services were performed by Mrs. Mardorf and perhaps as to the general result. We think it clearly appears that this evidence was material and could not, with reasonable diligence, have been discovered and produced at the trial by Eastwood, and upon this ground a new trial should have been granted.

Other than those indicated, we find no errors in the record prejudicial to defendant in error, but for those to which we have called attention the judgment is reversed and the cause remanded to the Court of Common Pleas for a new trial.

Reversed and remanded.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.